**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br><br>v.<br><br>Robert A. DeFazio,<br><br>         Defendant. | No. CV11-0529-PHX-DGC<br><br>**ORDER** |

In this action, the government seeks to collect more than $200,000 in loans made by the Department of Education. The government filed a motion for summary judgment on January 17, 2012, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 9. Defendant Robert A. DeFazio filed a motion requesting oral argument on the government's motion. Doc. 11. The Court entered an order explaining to Defendant the requirements of Rule 56 and the relevant Local Rules of Civil Procedure, and ordered Defendant to file a response to the government's motion for summary judgment by May 11, 2012. Doc. 12. Defendant has not responded. For the reasons that follow, the Court will grant summary judgment in favor of the government.[1]

**I.      Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record]

---

[1] Defendant's request for oral argument (Doc. 11) is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Preliminary Issue.

The government filed its complaint on March 22, 2011.  Doc. 1.  The summons and complaint were returned to the Court unexecuted on June 10, 2011.  Doc. 7.  Defendant filed an answer on May 31, 2011.  Doc. 6.  In his answer, Defendant denied receiving formal service, but acknowledged that he was aware of the complaint and stated that he would return a request for waiver of service.  Doc. 9, at 3 (citing Doc. 6, at 1).  This history of the case raises a question about whether the Court may assert personal jurisdiction over Defendant.

A defendant waives the defenses of insufficiency of service of process and lack of personal jurisdiction by filing an answer without first raising the defenses.  Fed. R. Civ. P. 12(h); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844 (9th Cir. 1969).  Defendant waived any issue of personal jurisdiction by appearing voluntarily and filing an answer.

## III. Discussion.

Under LRCiv 7.2(i) of the Local Rules of Civil Procedure, if the opposing party to a motion "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the

Court may dispose of the motion summarily." LRCiv 7.2(i).  The Ninth Circuit has held that it is an abuse of discretion to grant a motion pursuant to such a local rule where the movant's papers are insufficient to support the motion or on their face reveal a genuine issue of material fact. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

To recover on a promissory note, the government must establish that: (1) the defendant signed the note, (2) the government is the current owner or holder of the note, and (3) the note is in default. *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001).  To make this *prima facie* showing, "the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." *Petroff-Kline*, 557 F.3d at 290. Once a *prima facie* case is established, the defendant has the burden of proving the nonexistence, extinguishment, or variance in payment of the obligation. *Id.*

The government contends that it is entitled judgment "in the sum of $276,439.43 consisting of $254,516.43 principal, plus $21,923 interest computed through January 21, 2011, with interest continuing to accrue from January 21, 2011, plus interest from the date of judgment as provided by law and all costs in this action." Doc. 9, at 5.  To support its motion for summary judgment, the government has submitted the relevant loan applications and promissory notes (Doc. 10-2, at 2-7 (Ex. 1)), and a Certificate of Indebtedness, certified pursuant to 28 U.S.C. § 1746(2) under penalty of perjury (Doc. 10-2, at 9 (Ex. 2)).

The government's evidence establishes that on or about May 15, 2003 and September 1, 2004, Defendant executed promissory notes to secure direct consolidation loans from the Department of Education.  Doc. 10-2, at 2.  Under the promissory notes, Defendant "promise[d] to pay to the U.S. Department of Education . . . all sums disbursed under the terms of this Promissory Note," including interest and fees as well as collection of costs if Defendant failed to make payment on the note when due. *See id.*  On October 8, 2004, the loan was disbursed in the amounts of $104,702.95 and $120,778.63, at 4.38 percent interest per annum. Doc. 10-2, at 9.  On or about September 3, 2009,

Defendant defaulted on his loan obligation. Doc. 10, at 2, ¶ 9. Pursuant to 34 C.F.R. § 685.202(b), a total of $29,072.14 in unpaid interest was capitalized and added to the principal balance. *Id.* The Department of Education has credited a total of $87.29 in payments from all sources, including Treasury Department offsets. Doc. 10-2, at 9. After application of these payments, Defendant owes the United States a total debt of $276,439.43 as of January 21, 2011, consisting of $254,516.43 in principal and $21,923 in interest, with interest accruing on the principal at a rate of $30.52 per day. *Id.*

The government has shown that Defendant signed the promissory note, that the government currently holds the note, and that the note is in default. There is sufficient evidence for the government to recover on the note.

**IV.     Conclusion.**

The time to respond to the government's motion for summary judgment has expired, and Defendant has not filed a response. Review of the record indicates that the government's motion is facially meritorious and demonstrates the absence of genuine issues of material fact. The motion is thus well taken and supports summary judgment pursuant to LRCiv 7.2(i).

**IT IS ORDERED:**

1.     Plaintiff's motion for summary judgment (Doc. 9) is **granted**.

2.     Defendant's request for oral argument (Doc. 11) is **denied**.

3.     The Clerk is directed to enter judgment against Defendant for **$254,516.43** in principal and **$21,923.00** in interest through January 21, 2011, plus interest from January 22, 2012 through the date of judgment in the amount of **$3,967.60**, plus interest from the date of judgment at .21% compounded annually until the judgment is satisfied. Plaintiff is also entitled to costs incurred herein.

Dated this 31st day of May, 2012.

_____
David G. Campbell
United States District Judge