**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Robert A. DeFazio,<br><br>                Defendant. | No. CV-11-00529-PHX-DGC<br><br>**ORDER** |

Because of unpaid student loans, Defendant Robert DeFazio owes approximately $280,000 to the federal government. The government has obtained a judgment for this debt. Doc. 14. The government has also sought to garnish the money that DeFazio is receiving from CRRS, LLC ("garnishee"). After issuing a writ of garnishment to CRRS (Doc. 17), the Court entered a Garnishment Disposition Order stating:

> Garnishee shall pay over Defendant's non-exempt property withheld pursuant to the Writ of Garnishment, and continue withholding Defendant's [n]on-exempt property and paying it over to Plaintiff until the debt to Plaintiff is paid in full or until Garnishee no longer has possession of any non-exempt property belonging to Defendant or until further Order of this Court.

Doc. 29. CRRS, the garnishee, now asks the Court to answer three questions regarding the Disposition Order. Doc. 36. The government has responded. Doc. 37.

CRRS' first question is: "whether Defendant's IRS Form 1099-MISC . . . contract payments are considered 'earnings' for purposes of the Order." Form 1099 is submitted by an employer who pays at least $600 to an independent contractor over a year. *See* 26

C.F.R. § 1.6041-1. Thus, the Court interprets CRRS' question to be whether payments made to an independent contractor – as opposed to an employee – constitute "earnings" under the Disposition Order. The Order was entered pursuant to the Federal Debt Collection Procedures Act ("Act") (28 U.S.C. §§ 3001 *et seq.*), and the answer can be found there.[1]

Payments to an independent contractor are "earnings" under the Act. The Act defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 28 U.S.C. § 3002(6). The Act does not distinguish the earnings of an independent contractor from those of an employee. Thus, insomuch as an independent contractor receives compensation for personal services, he receives "earnings" under the Act. The government argues to the contrary. But the cases cited by the government do not address the precise question before the Court. *See In re Carter*, 182 F.3d 1027, 1029-32 (9th Cir. 1999) (discussing whether under California law a person was an "employee," and whether a corporation's payment to an employee constituted "earnings"); *Spicer Accounting, Inc. v. United States*, 918 F.2d 90, 93-94 (9th Cir. 1990) (discussing whether under federal tax law a person had earned "wages" and whether he was an "independent contractor").[2]

CRRS' second question is: "if [the payments are earnings], what percentage of the earnings are considered 'nonexempt' disposable earnings subject to withholding." The Act defines "nonexempt disposable earnings" as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). Section 303 of the Consumer Credit Protection Act ("CCPA") contains a garnishment-protection provision that limits what garnishers may collect. *See* 15 U.S.C. § 1673(a). Thus, the Court understands CRRS' question to be whether the garnishment-protection

---

[1] The Act "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt[.]" 28 U.S.C. § 3001(a).

[2] The government also cites A.R.S. § 23-351 in support of its argument, but does not explain its relevance.

- 2 -

provision of the CCPA applies to what DeFazio earns as an independent contractor.

As have other courts, the Court finds that "the CCPA's garnishment protection applies to individuals working as independent contractors as well as employees as long as the earnings are compensation for personal services." *In re Jones*, 318 B.R. 841, 851 (Bankr. S.D. Ohio 2005). Under the CCPA, the most that can be garnished from a debtor's weekly earnings is the lesser of: (1) twenty-five percent of the debtor's weekly disposable earnings, or (2) the amount by which those earnings exceed thirty times the federal minimum wage. 15 U.S.C. § 1673(a). The CCPA defines "earnings" as does the Act. For that reason, the CCPA applies to what DeFazio earns as an independent contractor and the government may garnish no more than what the CCPA allows.[3]

CRRS' third question is "whether the Order applies to contract payments due to Defendant as of the date of service of the Writ of Garnishment . . . or whether the Order is intended to be a continuing lien on any payments due within ninety (90) days of service of the Writ." The text of the Disposition Order is clear and answers the question. The Disposition Order applies to all payments from CRRS to DeFazio, beginning on the date of the writ and continuing until "the debt to Plaintiff is paid in full or until Garnishee no longer has possession of any non-exempt property belonging to Defendant or until further Order of this Court." Doc. 29 at 1.

In sum, the Court clarifies that: (1) DeFazio's earnings as an independent contractor are "earnings" under the Disposition Order, so long as those earnings are compensation paid for personal services; (2) Garnishment of DeFazio's earnings is subject to 15 U.S.C. § 1673(a); and (3) The Disposition Order applies to payments from

---

[3] Arguing to the contrary, the government focuses on the CCPA's definition of disposable earnings: "The term 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b). The government reads the statute as saying *unless* a debtor's earnings are subject to deductions or withholdings, those earnings are not disposable earnings. But the statute does not support this reading. Rather, under this statute, disposable earnings are earnings minus the required deductions or withholdings, regardless of whether any deductions or withholdings are in fact required. The Court agrees that for the CCPA to apply, the debtor must earn "disposable earnings." But this phrase does not mean what the government thinks.

CRRS to DeFazio beginning on and continuing after the date of the writ of garnishment.

Dated this 30th day of April, 2015.

_____
David G. Campbell
United States District Judge